Faye Rogers WILEY, Appellant,

v.

Carlysle WILEY, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1972.

J. Reid Caudill, Bowling Green, for appellant.

W. Currie Milliken, Bowling Green, for appellee.

REED, Justice.

In this case involving a change of custody of a child from the natural mother to the natural father, the sole issue is whether the court had jurisdiction to act.

In June 1969, the judge of Division II of the Warren Circuit Court entered a judgment in divorce in the case of Faye Rogers Wiley v. Carlysle Wiley. The wife was granted an absolute divorce and the care, custody and control of Carlysle Wiley, Jr., who was at that time five years old. The defendant husband was granted reasonable visitation rights in the judgment. The further proceedings pertaining to the custody of this child present a confusing picture. The judge of the First Division of the same court apparently signed an order on October 3, 1969 changing the custody of the child from the mother to the father. On August 9, 1971 an order was entered in which it was recited that through inadvertence or oversight the October 1969 order had never been entered. This August 9, 1971 order again undertook to vest the custody of the child in the father.

On August 11, 1971 the mother appeared by counsel and moved the court to set aside its order and requested that the father proceed "through motion by asking for a change, giving the parties an opportunity to be heard, and if necessary to reduce the proof to depositions." Thereafter, it was discovered that the judge of the Second Division of the same court had heard the original divorce and custody case but in the meantime the mother, without permission of the court, had taken the child with her to Illinois. It is established that the father had the child with him from October of 1969 until August of 1971, at which time, over the protest of the child, the mother spirited him away and took him to Chicago.

This apparently was the cause of the entry of the emergency order by the judge of the First Division of the court. On September 8, 1971, the father moved the judge of the Second Division to award him custody of the child. Adequate notice of this motion was served upon the mother.

The judge of the Second Division directed the Kentucky Child Welfare authorities

to make an investigation. Although he also requested the Illinois child welfare authorities to participate, the record contains no report from that source.

The judge of the Second Division, as well as the judge of the First Division, declared that the child should be in the custody, care and control of the father. Despite the fact that the mother had invited the motion procedure, she neither attempted to establish her fitness nor the unfitness of the father, nor did she deny evidence of alcoholism and acts of immorality on her part committed in the child's presence. There are also strong indications that the child desires to live in the home of his father and it was necessary for the mother to use force in spiriting him away. The Kentucky Child Welfare worker's report supports the transfer of custody to the father ordered by both judges of the circuit court.

 It is generally held that once the divorce court gains jurisdiction to award the custody of a child it retains jurisdiction to modify, even though the custodian and the child move from the state, 24 Am. Jur. 2d, Divorce and Separation, Sec. 813, p. 924. This is not to say that the state wherein the child and the custodian reside does not also have such authority. Often it is a matter of choice by a particular court whether it will exercise its jurisdiction in such cases, and this involves a discretionary determination by the judge of what location will best suit the needs of the child for a proper determination. The removal of this child from the state denied the father not only custody but the right of visitation which was preserved to him in the original decree. We find the trial court had jurisdiction to enter the order changing custody. That disposes of the only issue presented.

The order of the circuit court is affirmed.

All concur.